UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER SISK and<br>BRANDI SISK,<br><br>Defendants. | CASE NO. 1:21-cr-024<br><br>JUDGE DOUGLAS R. COLE<br><br>SUPERSEDING INDICTMENT<br><br>18 U.S.C. § 371<br>18 U.S.C. § 922(a)(6)<br>18 U.S.C. § 922(g)(1)<br>21 U.S.C. § 841(a)(1)<br>21 U.S.C. § 841(b)(1)(C)<br><br>FORFEITURE ALLEGATIONS |

**THE GRAND JURY CHARGES**:

At times relevant to this Indictment:

1. Shoot Point Blank – Cincy West, located at 7266 Harrison Avenue in Cincinnati, Ohio, was a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code.

## COUNT 1
(Distribution of a Controlled Substance)

2. On or about October 2, 2020, in the Southern District of Ohio, the defendant, **CHRISTOPHER SISK**, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

**In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).**

## COUNT 2
### (Distribution of a Controlled Substance)

3.  On or about October 22, 2020, in the Southern District of Ohio, the defendant, **CHRISTOPHER SISK**, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

**In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).**

## COUNT 3
### (Distribution of a Controlled Substance)

4.  On or about October 27, 2020, in the Southern District of Ohio, the defendant, **CHRISTOPHER SISK**, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

**In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).**

## COUNT 4
### (Distribution of a Controlled Substance)

5.  On or about November 2, 2020, in the Southern District of Ohio, the defendant, **CHRISTOPHER SISK**, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

**In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).**

## COUNT 5
### (Possession by a Prohibited Person)

6.  On or about November 6, 2020, in the Southern District of Ohio, the defendant, **CHRISTOPHER SISK**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition, that is, a Springfield Armory 10mm HS Produkt model XDM semi-automatic handgun bearing serial

number BY332933, and ammunition, and the firearm and ammunition were in and affecting commerce.

**In violation of Title 18, United States Code, Section 922(g)(1).**

## COUNT 6
### (Conspiracy to Commit an Offense Against the United States)

### The Conspiracy

7. Paragraph 1 of the Indictment is incorporated here.

8. On or about October 11, 2020, in the Southern District of Ohio, the defendants, **CHRISTOPHER SISK** and **BRANDI SISK**, knowingly and intentionally conspired and agreed with each other to commit an offense against the United States, that is, to knowingly make a false written statement to a licensed dealer of firearms, as that term is defined in Chapter 44, Title 18, United States Code, in connection with the acquisition of a firearm, which statement was intended and likely to deceive the said licensed dealer of firearms as to a fact material to the lawfulness of such sale of the said firearm to the defendants under Chapter 44, Title 18, United States Code, in violation of Title 18, United States Code, Section 922(a)(6).

### Purpose and Object of the Conspiracy

9. The purpose and object of the conspiracy was for **BRANDI SISK** to unlawfully purchase a firearm for **CHRISTOPHER SISK** from a licensed dealer of firearms. In doing so, the defendants, **CHRISTOPHER SISK** and **BRANDI SISK,** knew that they would make and cause to be made a false written statement to a licensed dealer of firearms in connection with the acquisition of a firearm. Specifically, the defendants, **CHRISTOPHER SISK** and **BRANDI SISK,** knowingly agreed to falsely state to the licensed dealer of firearms the identity of who actually was acquiring the firearm from the licensed dealer of firearms, and this statement was

intended and likely to deceive the licensed dealer of firearms as to a fact material to the lawfulness of the sale of the firearm.

### Manner and Means of the Conspiracy

10. The manner and means by which the defendants, **CHRISTOPHER SISK** and **BRANDI SISK**, sought to accomplish the objectives of the conspiracy included the following:

    a. It was part of the conspiracy that **CHRISTOPHER SISK**, who was a dealer of controlled substances, and who was prohibited from purchasing or possessing firearms due to a prior felony conviction, would seek the assistance of his sister, **BRANDI SISK**, to acquire a firearm for him;

    b. It was part of the conspiracy that **CHRISTOPHER SISK**, by text, would send **BRANDI SISK** directions regarding which firearm to purchase.

    c. It was further part of the conspiracy that **BRANDI SISK**, by text, would tell **CHRISTOPHER SISK** about the type of firearms available to purchase, update him about which firearm she intended to purchase, and inform him about whether ammunition was available for purchase.

    d. It was further part of the conspiracy that **BRANDI SISK** would make a false written statement to a licensed dealer of firearms to the effect that she was the true purchaser of the firearm.

    e. It was further part of the conspiracy that **BRANDI SISK** would purchase a firearm for **CHRISTOPHER SISK**.

### Overt Acts

11. In furtherance of the conspiracy, and to effect the object thereof, the conspirators performed and caused to be performed the following overt acts, among others:

      a.      On or about October 11, 2020, **BRANDI SISK** went to Shoot Point Blank – Cincy West.

      b.      On or about October 11, 2020, **CHRISTOPHER SISK** sent **BRANDI SISK** a text message instructing her that if the firearm is "a 45 and holds 15 rounds get it."

      c.      On or about October 11, 2020, **BRANDI SISK** told **CHRISTOPHER SISK**, via text, that the firearm she intended to purchase for him, a "Springfield," was $670.

      d.      On or about October 11, 2020, **BRANDI SISK** and **CHRISTOPHER SISK** communicated, via text, about **CHRISTOPHER SISK** needing to purchase ammunition for the firearm **BRANDI SISK** was purchasing because Shoot Point Blank – Cincy West was "out of 10mm ammo."

      e.      On or about October 11, 2020, **BRANDI SISK** executed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, to the effect that that **BRANDI SISK** was the true purchaser of the firearm listed on the Form 4473.

      f.      On or about October 11, 2020, **BRANDI SISK** purchased from Shoot Point Blank – Cincy West a Springfield Armory 10mm HS Produkt model XDM semi-automatic handgun bearing serial number BY332933.

**In violation of Title 18, United States Code, Section 371.**

## COUNT 7
### (False Statement During Purchase of Firearm)

12.    Paragraph 1 of the Indictment is incorporated here.

13.    On or about October 11, 2020, in the Southern District of Ohio, the defendants, **CHRISTOPHER SISK** and **BRANDI SISK**, in connection with the acquisition of a firearm, that is, a Springfield Armory 10mm HS Produkt model XDM semi-automatic handgun bearing serial

number BY332933, from Shoot Point Blank – Cincy West, knowingly made a false and fictitious written statement to Shoot Point Blank – Cincy West, which statement was intended and likely to deceive Shoot Point Blank – Cincy West as to a fact material to the lawfulness of such sale of the said firearm to the defendants under Chapter 44 of Title 18, United States code, in that the defendants did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, to the effect that that **BRANDI SISK** was the true purchaser of the firearm listed on the Form 4473, when in fact, as the defendants then knew, **BRANDI SISK** was not the true purchaser of the firearm.

**In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2); Title 18, United States Code, Section 2; and** *Pinkerton v. United States*, **328 U.S. 640 (1946).**

### FORFEITURE ALLEGATION 1

Upon conviction of one or more of the offenses set forth in Counts 1 through 4 of this Indictment, the defendant, **CHRISTOPHER SISK**, shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), (1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation(s); and (2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation(s).

### FORFEITURE ALLEGATION 2

Upon conviction of one or more of the offenses set forth in Counts 5 through 7 of this Indictment, the defendants, **CHRISTOPHER SISK** and **BRANDI SISK**, shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in the commission of the offense(s), including but not limited to:

    a) A Springfield Armory 10mm HS Produkt model XDM semi-automatic handgun bearing serial number BY332933; and

b) Approximately 26 rounds of Precision Made Cartridge 10mm ammunition.

## SUBSTITUTE ASSETS

If any of the property described above in Forfeiture Allegations 1 and 2, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) or as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendants, up to the value of the property described above.

A TRUE BILL.

/S/

**GRAND JURY FOREPERSON**

**KENNETH L. PARKER**
**UNITED STATES ATTORNEY**

*Kelly K. Rossi*

**KELLY K. ROSSI**
**JULIE D. GARCIA**
**ASSISTANT UNITED STATES ATTORNEYS**